UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI SITTO,

        Petitioner,

                                            CASE NO. 11-cr-20292

v.

                                            HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C § 2255. The Court has reviewed the pleading and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(f)(1). For the reasons that follow, the Court **DENIES** the motion.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Petitioner Fadi Sitto pleaded guilty and was convicted of a single count of bank fraud in violation of to 18 U.S.C § 1344. At the time he committed the crime, Sitto was on supervised release after serving thirty-seven months in federal prison for exporting night vision goggles to Iraq. After his arrest, Sitto cooperated with federal investigators and provided assistance in the investigation and prosecution of David Ayoub, his former boss, who was indicted ten days before Sitto. (See 11-20090). Ayoub pleaded guilty to bank fraud charges on May 7, 2013, before the Hon. George Caram Steeh and was sentenced to a year and a day. Sitto's case was assigned to the Hon. Bernard A. Friedman and his guideline range was calculated at thirty-three to forty-one months, based upon the amount of loss and criminal history. The United States filed a Motion

for Downward Departure for cooperation under U.S.S.G 5k1.1 and recommended a prison sentence of eighteen months. Judge Friedman departed downward from the guideline range and sentenced Sitto to thirty months in federal prison. His case was reassigned to the undersigned judge on February 10, 2014.

In his motion, Sitto argues that his Constitutional rights have been violated. In support, Sitto first argues that the facts presented to the sentencing judge were misleading and inaccurate, resulting in a miscarriage of justice. Sitto further argues that the factors under 18 U.S.C § 3553 were improperly applied.

## II.     STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C § 2255 motion to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect" on the criminal proceedings. Griffen v. United States, 330 F.3d 733, 736 (6th Cir. 2003). The movant must demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process". Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994) (citing United States v. Ferguson, 918 F.3d 627, 630 (6th Cir. 1990)).

The Sixth Circuit has held that, "at some point, evidence used at the sentencing phase can be so misleading that it is a denial of due process for the district judge to rely on it." United States v. Polselli, 747 F. 2d 356, 358 (6th Cir. 1984). To demonstrate that the use of misinformation violated due process the defendant must show that the

2

evidence was materially false and that the trial judge relied upon it. Collins v. Buchkoe, 493 F.2d 343 (6th Cir. 1974).

## III.   ANALYSIS

Sitto asks to be resentenced pursuant to 28 U.S.C § 2255 because his sentence was imposed in violation of the Constitution. To prevail under § 2255, Sitto "must show 'a fundamental defect which inherently results in a complete miscarriage of justice' or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (quoting Hill v. United States, 368 U.S. 424, 428 (1968)). Sitto argues that the facts presented to the sentencing judge were misleading and inaccurate, resulting in a disparity between his sentence and Ayoub's sentence. (Doc. No. 32 at 2). Specifically, Ayoub's loss amount was 'negotiated' by the government, but Sitto's was not. (Doc. No. 28 at 6). According to Sitto, his loss amount should be the same as Ayoub's, which would result in the same sentencing guideline range. (Doc. No. 28 at 8). Finally, Sitto asserts that the timing of his sentencing created an injustice in that the sentencing judge lacked any information regarding Ayoub's sentencing and was, therefore, not privy to all the relevant facts. (Doc. No. 28 at 8).

The Court disagrees. The amount of loss attributed to Ayoub was negotiated because the files from victim lenders were incomplete. In contrast, the government placed the amount of loss caused by Sitto at $400,000 to $1,000,000. In response, Sitto contends that incomplete files are immaterial because Ayoub was the leader of the entire organization. Consequently, even if Ayoub did not have direct contact with a file, the victimization was still a product of Ayoub's scheme. (Doc. No. 32. at 2). However, it

is clear that this information was relayed to the sentencing judge and, therefore, the judge knew of Ayoub's leadership in the scheme at the time Sitto was sentenced. Sitto's counsel confirmed these facts during sentencing. (See Doc. No. 28-4 at 7-8). In sum, the information presented in the sentencing motions and reiterated during the sentencing hearing clearly informs the sentencing judge of Ayoub's guilty plea before Judge Steeh and of Ayoub's total restitution amount. (Doc. No. 31 at 6-7). In conclusion, Sitto was unable to establish that there was a fundamental defect that resulted in a miscarriage of justice in this case.

Second, Sitto argues that the disparities in these sentences violates § 3553(a)(6) because the sentencing judge failed to apply the provision, which addresses the avoidance of unwarranted sentencing disparities among defendants with similar records. The provision does not support Sitto's position. The facts of this case demonstrate that Sitto and Ayoub did not have similar records. Sitto is now a two-time felon, who committed this crime while he was on supervised release. Ayoub, on the other hand, had no prior criminal record. Sitto's prior felony conviction involved exporting night vision goggles to Iraq, which involved matters of national security. The sentencing court acknowledged Sitto cooperated with the government and produced information on Ayoub. The sentencing court did not ignore Sitto's cooperation because he received downward departure. Nevertheless, Judge Friedman found it significant and concerning that Sitto had committed a prior crime and was still on supervised release when he committed this crime. (Doc. No. 28-4 at 15-16).

Deterrence and respect for the law are factors to be considered by the court when imposing a sentence. 18 U.S.C. § 3553(a)(2)(B). The sentencing court noted no

4

basis for finding that Sitto has been deterred by his previous incarceration. Sitto had committed a crime and continued to engage in criminal activity, even after a lengthy prison sentence of thirty-seven months. Id. at 16.

Another factor emphasized by the sentencing judge as he imposed the sentence was the protection of the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). Sitto is a two-time felon. Judge Friedman expressed his belief that Sitto knew exactly what he was doing in this case, and expressed his concern that Sitto would again engage in criminal activity. Id. at 16-17.

After consideration of these factors, the sentencing judge departed downward from the guideline range of thirty-three to forty-one months and sentenced Sitto to thirty months in prison. Given all the factors and considerations in this case, this Court finds that the sentence imposed by the sentencing judge was fair and just.

## IV. CONCLUSION

For the reasons discussed, the motion is **DENIED.**

**IT IS SO ORDERED.**

Date: July 3, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2014.

s/ Kay Doaks
Case Manager